In the Matter of Leroy F. DEWYER and Sally J. Dewyer, his wife, Debtors.

Leroy F. DEWYER and Sally J. Dewyer, his wife, Plaintiffs,

v.

UNION BANK, Union City, Pa., and Richard L. Nygaard, Esq., Trustee, Defendants.

Bankruptcy No. 80–00271.
Adv. No. 80–0188.

United States Bankruptcy Court, W. D. Pennsylvania.

Jan. 19, 1981.

Joseph A. Yochim and Colussi, Yochim, Skiba & Vogel, Erie, Pa., for plaintiffs.

Jack M. Gornall, and Knox, Graham, McLaughlin, Gornall & Sennett, Inc., Erie, Pa., for defendant, Union Bank.

MEMORANDUM AND ORDER RELEASING RESIDENCE PROPERTY SUBJECT TO HOMESTEAD EXEMPTIONS FROM JUDICIAL LIEN

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge.

The debtors asserted their homestead exemptions totaling $15,000.00 under § 522(d)(1) of the Bankruptcy Code in their residence property at 13 Wattsburg Street, Union City, Pennsylvania, in their schedules and brought this adversary proceeding under § 522(f)(1) to avoid the judicial lien of the Union Bank's judgment in the Court of Common Pleas of Erie County, Pennsylvania at No. 4622–J–1979 having a balance of $7,830.00 on the date of the filing of the bankruptcy petition to the extent said lien impairs said exemptions. There is a first mortgage lien against the premises in favor of the Marquette Savings and Loan Association having a balance on the date of the bankruptcy filing of $23,000.00 which is not subject to the exemptions and the parties stipulated the property has a fair market value as of the bankruptcy filing date of $30,000.00. There is no surplus value in the property above the first mortgage balance and the amount of the exemptions to which the judicial lien could attach and the only questions involved relate to the form in which the relief to which the debtors are entitled should be allowed: Should the lien of the judgment be reduced to a zero balance after determination of the portions thereof that are secured and unsecured under § 506(a), should said lien be subordinated to the debtors' exemption rights in their residence property, should the residence property be wholly released from the judgment lien, or should an order be entered combining two or more of said forms of relief?

Section 522(f)(1) under which the action was instituted empowers the debtor to avoid the fixing of a lien on his property to the extent that such lien impairs his exemption rights, and § 522(a)(2) provides that in the administration of the exemption section

 " 'value' means fair market value as of the date of the filing of the petition."

It is stated throughout the legislative history of the Bankruptcy Code of 1978, P.L. 95–598 (e. g. 5 U.S. Code Congressional and Administrative News at pages 5787, 6077, 6078) that the purpose of the legislation is to give bankrupt-consumer-debtors a fresh start and to cure the inadequacies in prior Acts under which they were accorded inadequate exemption rights: 5 U.S. Code Congressional and Administrative News, pp. 6077, 6078. See also *In re Crump*, 2 B.R. 222, 1 CBC 2nd 378 (Bkrtcy., S.D.Fla.1980). Irrespective of the form of remedy that should be applied in cases in which there is an equity or surplus value in the property over and above the amounts of the prior liens and exemption rights, it seems apparent that in situations like the instant one in which no such equity is realizable, the premises should be released from the judicial lien; that no purpose would be served by subordinating and/or reducing the amount of the lien after determining the amount thereof that is secured by the residence under § 506(a) as said residence of the debtor to which the exemptions apply will no longer be subject to the lien if it is released therefrom. In addition, the confusing problems that would result from leaving the lien as a meaningless encumbrance and cloud on the title when the debtors should attempt to sell the premises or refinance their obligations in the event the property should appreciate in value and/or they make payments in reduction of the prior mortgage will be avoided by such release.

An appropriate order will be entered releasing the debtors' residence property from the judicial lien of the Union Bank under its judgment.

### ORDER

At Erie, in the Western District of Pennsylvania, this 19th day of January, 1981, IT IS ORDERED, ADJUDGED and DECREED for the foregoing reasons as follows:

1. That the homestead exemption rights of the plaintiffs in their residence property at 13 Wattsburg Street, Union City, Pennsylvania, are hereby allowed in the amount of $15,000.00; and

2. That said premises are hereby released from the lien of the judgment of the Union Bank, Union City, Pennsylvania in the Court of Common Pleas of Erie County, Pennsylvania at No. 4622–J–1979, there being no value in said premises over and above the debtors' exemption rights and the prior mortgage lien of record against said premises.