In re William R. PITRE and Maria Pitre, Debtors.

William R. PITRE and Maria Pitre, Plaintiffs,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, Defendant.

Bankruptcy No. 80 B 6148.
Adv. No. 80 A 1050.

United States Bankruptcy Court,
N. D. Illinois, E. D.

May 18, 1981.

Sanford Kahn, Chicago, Ill., for debtors.

Edward Havey, Chicago, Ill., for creditor, First Federal Sav. and Loan Ass'n of Chicago.

## ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Complaint of Debtors, William Pitre

and Maria Pitre, seeking to void a judicial lien obtained by First Federal Savings and Loan Association of Chicago against the Debtors' marital residence as a violation of the Truth in Lending Act, 15 U.S.C. §§ 1601–1693 (1974 and Supp. 1980), or in the alternative void or modify the judicial lien pursuant to section 522(f)(1) of the Bankruptcy Code to the extent that the lien impairs the Debtors' homestead exemption, and the Defendant's Answer thereto, and upon the Debtors' Motion for Summary Judgment, and upon the Defendant's averment that there is no genuine issue as to any material fact, the court deeming this to be a Motion for Summary Judgment, and the parties appearing by their respective attorneys, and the court having examined the pleadings filed in this matter, and having received and examined the Stipulation of Facts entered into by the parties and the Memoranda of Law submitted in support of their respective positions, and the court being fully advised in the premises;

The Court Finds:

1. On May 20, 1980, Debtors, William and Maria Pitre, filed a bankruptcy petition under chapter 7 of the Bankruptcy Code.

2. William and Maria Pitre own and reside in their marital home located at 2826 North Albany, Chicago, Illinois.

3. Debtors purchased a six-flat building located at 3313 West Lemoyne, Chicago, Illinois, and on September 8, 1976, First Federal Savings and Loan Association of Chicago made a mortgage loan to Debtors, William and Maria Pitre. In connection with said purchase, the Debtors signed and delivered a Note for $32,000.00, secured by the aforesaid property.

4. On February 3, 1977, First Federal Savings and Loan Association of Chicago recorded a release of its mortgage, reserving its claim on the unsatisfied mortgage Note.

5. On or about July 27, 1979, First Federal Savings and Loan Association of Chicago confessed judgment on said Note and on or about August 2, 1979 filed a Memorandum of Judgment against the Debtors' marital home at 2826 North Albany, Chicago, Illinois.

6. In December, 1979, Debtors, William and Maria Pitre, filed motions and affidavits in state court to open the Judgment by Confession. First Federal Savings and Loan Association of Chicago filed an answer and affidavit. On January 2, 1980, after reading the affidavits and hearing the arguments of counsel, the state court denied the Motion to Open the Judgment.

7. Section 125 of the Truth in Lending Act provides in relevant part as follows:

§ 1635. Right of rescission as to certain transactions—Disclosure of obligor's right to rescind.

(a) Except as otherwise provided in this section, in the case of any consumer credit transaction in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or delivery of the disclosures required under this part, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, an adequate opportunity to the obligor to exercise his right to rescind any transaction subject to this section.

Return of money or property following rescission.

(b) When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such

interest arising by operation of law, becomes void upon such a rescission.

15 U.S.C. §§ 1635(a), 1635(b) (Supp. 1980).

8. First Federal Savings and Loan Association of Chicago did not make a Truth in Lending disclosure to William and Maria Pitre regarding the transaction of September 8, 1976.

9. Section 522(f) of the Bankruptcy Code provides in relevant part as follows:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (1) a judicial lien; or . . . .

11 U.S.C. § 522(f)(1) (1979).

10. Under section 522(b), the Debtors, William and Maria Pitre, are entitled to elect, and did elect, the federal exemptions under 11 U.S.C. § 522(d)(1) for a total exemption of $15,000.00, hereinafter referred to as the "homestead exemption." Section 522(d) of the Bankruptcy Code provides in relevant part as follows:

> (d) The following property may be exempted under subsection (b)(1) of this section:
> (1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence . . . .

15 U.S.C. § 522(d) (1979).

11. The present value of Debtors' residence at 2826 North Albany, Chicago, Illinois, is $65,000.00.

12. The present total amount of the claim of North West Federal Savings, Chicago, Illinois, in the nature of first and second mortgages on Debtors' residence is $33,225.24.

13. The present amount of the claim of the Department of Housing and Urban Development, as subrogee of Marquette National Bank, Chicago, Illinois, in the nature of a junior mortgage on Debtors' residence is $5,425.18.

14. The present amount of First Federal Savings and Loan Association of Chicago's claim on the aforesaid judgment against Debtors, William and Maria Pitre, is $32,000.00 plus accrued interest.

The Court Concludes and Further Finds:

1. Debtors, William and Maria Pitre, are not entitled to void First Federal Savings and Loan Association of Chicago's judicial lien under section 125 of the Truth in Lending Act. The right under section 1635 to rescind a transaction and thereby void any security interest therein created, and the right to receive disclosures as to this right applies only to transactions in which a security interest is or will be retained or acquired in any real property which is used or expected to be used as the residence of the person to whom credit is extended. The transaction occurring on September 8, 1976 was a mortgage loan to Debtors for the purchase of a six-flat building located at 3313 West Lemoyne, Chicago, Illinois. The transaction created a security interest in the subject mortgaged premises and did not create a security interest in the Debtors' residence on North Albany Avenue, Chicago, Illinois. First Federal Savings and Loan Association of Chicago's security interest in Debtors' residence was not acquired pursuant to the September 8, 1976 transaction but rather was acquired by the subsequent recording of the Memorandum of Judgment against the property. Accordingly, the disclosure requirements of section 1635 were not applicable to any of the conduct of First Federal Savings and Loan Association of Chicago.

Debtors, William and Maria Pitre, direct the court's attention to section 226.202 of Regulation Z which is a body of regulations supplementing the Truth in Lending Act.

Section 226.202(c) provides in relevant part as follows:

> Since confession of judgment clauses and cognovit provisions in [some] States have the effect of depriving the obligor of the right to be notified of a pending action and to enter a defense in a judicial proceeding before judgment may be en-

tered or recorded against him, such clauses and provisions in those States are security interests . . . .

12 CFR § 226.202(c) (1980).

■ The Note involved in the September 8, 1976 transaction included such a confession of judgment clause. However, whether or not the existence of said clause within the Note rendered the transaction one in which a security interest was retained or acquired in the personal residence of the Debtors is not for this court to consider. The issue is res judicata. After First Federal Savings and Loan Association of Chicago confessed judgment against William and Maria Pitre and filed a Memorandum of Judgment against the marital residence, William and Maria Pitre filed motions and affidavits to Open the Judgment by Confession in state court. After the court read the affidavits and heard the arguments, the court denied the Motion to Open Judgment. Debtors, William and Maria Pitre, could have and should have raised section 226.-202(c) in their Motion to Open Judgment and they are barred now from raising that issue before this court.

Furthermore, William and Maria Pitre are not entitled to void First Federal Savings and Loan Association of Chicago's judicial lien pursuant to section 125 of the Truth in Lending Act because the Truth in Lending Act does not apply by its own provisions to the September 8, 1976 transaction between the parties.

■ Section 104 of the Truth in Lending Act provides in relevant part as follows:

This subchapter does not apply to the following:

(1) Credit transactions involving extensions of credit for business or commercial purposes . . . .

15 U.S.C. § 1603 (1974). The September 8, 1976 transaction involved the extension of credit for the purchase of a six-flat apartment building. The transaction was one for commercial purposes. *Adema v. Great Northern Development Co.*, 374 F.Supp. 318 (N.D.Ga. 1973); *Sapenter v. Dreyco, Inc.*, 326 F.Supp. 871 (E.D.La. 1971), *cert. denied*, 406 U.S. 920, 92 S.Ct. 1775, 32 L.Ed.2d 120 (1972). Moreover, even if the Truth in Lending Act and in particular section 1635 applied to the September 8, 1976 transaction, Debtors would not be entitled to rescind the transaction and thereby void First Federal Savings and Loan Association of Chicago's judicial lien because Debtors are not capable at this time of complying with the requirements imposed on the obligor by section 1635(b) upon rescission of the transaction. Section 1635(b) provides for the return of money or property to the creditor upon rescission by the obligor under section 1635(a), *Harris v. Tower Loan of Mississippi, Inc.*, 609 F.2d 120 (5th Cir.), *cert. denied*, —— U.S. ——, 101 S.Ct. 89, 66 L.Ed.2d 30 (1980); *La Grone v. Johnson*, 534 F.2d 1360 (9th Cir. 1976); neither of which can be accomplished by the Debtor under the circumstances of this bankruptcy.

■ 2. First Federal Savings and Loan Association of Chicago's judicial lien impairs William and Maria Pitre's homestead exemption. After allowances for all mortgage liens on the Debtors' residence, the estate's interest in the property would be $26,349.58.[1] If it were not for First Federal Savings and Loan Association of Chicago's judicial lien of $32,000.00 plus interest, Debtors, William and Maria Pitre, would realize from this equity their $15,000.00 homestead exemption in full. The application of section 522(f)(1) to the case *sub judice* requires that the lien be avoided to the extent necessary to allow Debtors to realize their full $15,000.00 exemption. Avoiding First Federal Savings and Loan Association of Chicago's lien to any lesser extent would not fully remove the impairment on the Debtors' exemption since the Debtors would have realized the full $15,-

1. Computed as follows:

| | | |
|---|---|---|
| Present fair market value of property: | $ | $ 65,000.00 |
| Amount due 1st mortgage under 1st and 2nd mortgages: | 33,225.24 | |
| Amount due 2nd mortgagee under the junior mortgage: | 5,425.18 | 38,650.42 |
| Estate's present interest in property after allowances for mortgages: | $ 26,349.58 | $ 26,349.58 |

000.00 if it were not for the lien. If either $20,650.42 plus the amount of interest on the claim of First Federal Savings and Loan Association of Chicago's lien were subordinated to the Debtors' $15,000.00 homestead exemption,[2] or if First Federal Savings and Loan Association of Chicago's lien were voided to the extent of $20,650.42 plus the amount of interest on the claim,[3] the Debtors' $15,000.00 exemption would no longer be impaired. This court interprets section 522(f), which reads in part as follows: "[T]he debtor may avoid the fixing of a lien ... to the extent that such lien impairs an exemption to which the debtor would have been entitled ...," to mean that under section 522 the Debtors may *void* First Federal Savings and Loan Association of Chicago's lien to the extent of $20,650.42 plus the amount of interest on the claim. This reduces First Federal Savings and Loan Association of Chicago's lien from $32,000.00 plus interest to $11,349.58 under all circumstances, both current and prospective.

This application of section 522(f)(1) is consistent with the provisions of section 506 of the Bankruptcy Code. Under section 506(a), a creditor with an allowed claim secured by a lien on property in which the estate has an interest has a secured claim only to the extent of the value of such creditor's interest in the estate's interest in such property, and has an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim. Under section 506(d), to the extent that a lien secures a claim that is not a secured claim under section 506(a), such lien is void. Section 506 looks to the value of the property at the time of bankruptcy and sets the creditor's secured claim and thereby the amount of its lien for all time. Its effect is to prevent the creditor with a security interest in property with a value at the time of bankruptcy which is less than the amount of his claim from realizing future benefits as a secured creditor as a result of the property subsequently appreciating or as a result of the debtor making payments on claims with priority secured by the same property.

If section 522(f) were not applied so as to void First Federal Savings and Loan Association of Chicago's lien to the extent of $20,650.42 plus the amount of interest on the claim but only applied so as to subordinate $20,650.42 plus the amount of interest on the total claim of First Federal Savings and Loan Association of Chicago's lien to the extent of Debtors' $15,000.00 homestead exemption, Debtors, William and Maria Pitre, could thereafter petition the court under section 506 to void First Federal Savings and Loan Association of Chicago's lien to the extent of $20,650.42 plus interest by determining that First Federal Savings and Loan Association of Chicago has a secured claim in the amount of $11,349.58 and an unsecured claim in the amount of $20,650.42 plus interest.[4]

**2. Illustration:**

| | | |
|---|---|---|
| Fair market value of property: | $ | $ 65,000.00 |
| Amount due 1st mortgagee: | 33,225.24 | |
| Amount due 2nd mortgagee: | 5,425.18 | 38,650.42 |
| Estate's interest in property after allowances for mortgages: | $ | $ 26,349.58 |
| FIRST FEDERAL's original lien of $32,000.00 plus interest minus $20,650.42 plus interest subordinated to Debtors' exemption: | 11,349.58 | |
| Estate's interest in the property after the above allowances: | | $ 15,000.00 |
| Debtors' exemption: | $ 15,000.00 | $ 15,000.00 |

First Federal Savings and Loan Association of Chicago would have a remaining lien of $20,-650.42 plus interest which would be subordinate to Debtors' exemption.

**3. Illustration:**

| | | |
|---|---|---|
| Fair market value of property: | $ | $ 65,000.00 |
| Amount due 1st mortgagee under 1st and 2nd morgages: | 33,225.24 | |
| Amount due 2nd mortgagee under the junior mortgages: | 5,425.18 | 38,650.42 |
| Estate's interest in property after allowances for mortgages: | $ | $ 26,349.58 |
| Debtors' exemption: | $ 15,000.00 | $ 15,000.00 |
| FIRST FEDERAL's lien (original lien of $32,000.00 plus interest voided to the extent of $20,650.42 plus interest): | | $ 11,349.58 |

**4.** See Note 2 supra.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion of William and Maria Pitre for Summary Judgment made in conjunction with their Complaint seeking to void First Federal Savings and Loan Association of Chicago's judicial lien pursuant to the Truth in Lending Act be, and the same is hereby denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion of First Federal Savings and Loan Association of Chicago for Summary Judgment made in response to William and Maria Pitre's Complaint seeking to void First Federal Savings and Loan Association of Chicago's lien pursuant to the Truth in Lending Act be, and the same is hereby granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion of First Federal Savings and Loan Association of Chicago for Summary Judgment made in response to William and Maria Pitre's Complaint seeking to void First Federal Savings and Loan Association of Chicago's lien pursuant to section 522(f)(1) of the Bankruptcy Code be, and the same is hereby denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion of William and Maria Pitre for Summary Judgment made in conjunction with their Complaint seeking to void First Federal Savings and Loan Association of Chicago's judicial lien pursuant to section 522(f)(1) of the Bankruptcy Code be, and the same is hereby granted and said lien is hereby voided to the extent of $20,650.42 plus the amount of interest on the claim, leaving First Federal Savings and Loan Association of Chicago with a secured claim of $11,349.58 and an unsecured claim of $20,650.42 plus the amount of interest accrued on the total $32,000.00 claim.