**In re Lawrence Brian FITZGERALD, Janet Ann Fitzgerald, Debtors.**

**Lawrence Brian FITZGERALD, Janet Ann Fitzgerald, Plaintiffs,**

v.

**Nick T. DAVIS and Amelia Davis, Defendants.**

**Bankruptcy No. 82–00119–A.**
**Adv. No. 82–0197–A.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

April 22, 1983.

Stephen S. Mitchell, McKinley, Schmitlein & Mitchell, Alexandria, Va., for plaintiffs.

Daniel M. O'Connell, Jr., O'Connell & Mayhugh, P.C., Warrenton, Va., for defendants.

Bennett A. Brown, Fairfax, Va., trustee.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

The plaintiffs, Lawrence B. and Janet A. Fitzgerald, filed a joint voluntary Chapter 7 petition in this Court on February 2, 1982, and were granted discharges on May 4, 1982. The debtors properly and without objection claimed an exemption of $9,265.00 in equity in their principal residence and surrounding acreage. This property is valued at $67,000.00 and is subject to two deeds of trust totalling $58,045.54, so that the amount exempted by the debtors represents their entire equity in the property. On this basis, the Court, on application of the trustee, authorized abandonment of the property as an asset of the estate.

On July 14, 1981—approximately six and one-half months prior to the filing of the Petition—the Fitzgeralds had suffered a default judgment in the Circuit Court of Fauquier County in the principal amount of $13,360.00 with interest and costs in an action brought by Nick T. and Amelia Davis, which judgment had become a lien upon the property.

The parties raise two issues: (1) whether the Bankruptcy Court has jurisdiction over property abandoned as an asset of the estate and (2) whether the debtors are entitled to have the judgment lien against the property avoided or, in the alternative, subordinated to the homestead exemption.

■ Concerning the first issue, as to whether this Court has jurisdiction over property abandoned as an asset of the bankruptcy estate, the Court observes that property may be ordered abandoned upon the trustee's finding that it is burdensome to the estate. 11 U.S.C. Section 554(a). In addition, the legislative history states:

> In order to aid administration of the case, subsection (b) [11 U.S.C. 554(c), as ultimately enacted] deems the Court to have authorized abandonment of any property that is scheduled under section 521(1) and that is not administered before the case is closed. That property is deemed abandoned to the debtor.

H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 377 (1977); S.Rep. No. 95-989, 95th Cong., 2d Sess. 92 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5878, 6333.

The Court, however, retains its jurisdiction over the abandoned property. "The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of *all* of the property, wherever located, of the debtor, as of the commencement of such case." 28 U.S.C. § 1471(e), (emphasis added). This statute has been interpreted as follows:

> While abandonment causes the interest of the estate in property to pass back to the debtor, the Bankruptcy Court still has jurisdiction over the property of the debtor under 28 U.S.C. Sec. 1471(e), and actions against the property of the debtor are still stayed under 11 U.S.C. Section 362(a)(5).

*In re Bennett,* 13 B.R. 643, 645 (Bkrtcy.W. D.Mich.1981).

■ Accordingly, the court in *Bennett* ruled that "abandonment by the trustee pursuant to 11 U.S.C. Section 554(a) does not divest this court of jurisdiction to enforce the rights of the debtors as to their exemption in the property." *Id.* at 645. Thus, the defendants' contention that the Court lacks jurisdiction over the abandoned property is without merit.

■ The second issue for determination is whether the debtors are entitled upon the facts to have the judgment lien against the property set aside or, in the alternative, subordinate to the homestead exemption. Defendant-creditors argue that to subordinate or avoid this judgment lien is to expand the homestead exemption far beyond what the law intended. The relevant law here is the lien avoidance provision of the Bankruptcy Code:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (1) a judicial lien

11 U.S.C. § 522(f).

The intent of Congress in enacting this statute was to preserve the debtor's "fresh start."

> Subsection (f) protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien...

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 362 (1977): S.Rep. No. 95–989, 95th Cong., 2d Sess. 76 (1978) (under subsection (e)), U.S.Code Cong. & Admin.News 1978, p. 6318.

■ This subsection has further been interpreted to permit a debtor "to avoid *any* judicial lien which impairs an interest of a debtor in exempt property." *In re Galbraith,* 15 B.R. 549, 555 (Bkrtcy.E.D.Pa. 1981), (emphasis in original). By this reasoning section 522(f)(1) is not the enlargement or expansion of an exemption, but merely its enforcement. Proper application of the subsection requires that such liens be avoided to the extent necessary to allow debtors to realize their full homestead exemption. *In re Pitre,* 11 B.R. 777 (Bkrtcy. N.D.Ill.1981).

■ When, as here, the amount of the lien exceeds the maximum amount of a debtor's exempted interest in the property, the Court must determine the status of that portion of the lien which cannot be avoided under section 522(f)(1). The reported cases are in agreement that if there is equity in the property above the total amount of exemptions and unavoidable liens, the judicial lien is to be reduced by the amount of the exemptions claimed with the remaining amount attaching to the property. *In re Pitre, supra* at 780; *In re Cohen,* 13 B.R. 350 (Bkrtcy.E.D.N.Y.1981); *see also,* 3 *Collier on Bankruptcy* (15th ed.) ¶ 522.29, p. 522–68.

The sole reported case in which the judicial lien exceeded permissible exemptions and no equity remained beyond the debtor's exemptions and the unavoidable liens is *In re Dewyer,* 11 B.R. 551 (Bkrtcy.W.D.Pa. 1981). In *Dewyer,* the Court relied upon the Bankruptcy Code's policy of a "fresh start" for the debtor to avoid the judicial lien *in toto.* The court stated that leaving a reduced lien on property where there was no value to which it could attach would create a "meaningless encumbrance." *Dewyer, supra* at 552.

The language of section 522(f), however, is clear. Certain liens, including judicial liens, can be avoided "to the extent" that they impair a debtor's properly-claimed exemption. The phrase "to the extent" is a limiting one and does not give the court authority to avoid amounts in excess of exemptions.

The better rule, therefore, would subordinate the lien, avoiding it in an amount

equal to the claimed exemptions, with the remainder attaching to the property. If at some future time the property is sold, the creditor may, if the property has increased in value, realize at least partial satisfaction of his judgment.

Accordingly, for the reasons set forth above, the lien at issue will be avoided to the extent of $9,265.00. The remainder of the lien, in the principal amount of $4,095.00 with interest and costs to the date of the filing of the petition in bankruptcy, shall attach to the debtors' residence.

An appropriate Order will enter.