**In re Richard D. DEMPSEY, Deborah A. Dempsey, Debtors.**

**Richard D. DEMPSEY, Deborah A. Dempsey, Plaintiffs,**

v.

**HOUSEHOLD FINANCE CORPORATION, Defendant.**

**Bankruptcy No. 82–03763G. Adv. No. 83–0107G.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 11, 1984.

As Amended June 22, 1984.

Allan K. Marshall, Philadelphia, Pa., for plaintiffs/debtors, Richard D. Dempsey, Deborah A. Dempsey.

Alexander Hemphill, Monteverde, Hemphill, Maschmeyer & Obert, Philadelphia, Pa., for defendant, Household Finance Corporation.

Samuel M. Brodsky, Philadelphia, Pa., Trustee.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge:

The threshold issue in the dispute at bench is whether the debtor-husband's van is a tool of the trade in a proceeding for lien avoidance under 11 U.S.C. § 522(f). If we establish that the van is a tool of the trade we must also determine how much of the lien will be avoided when the debtor's exemption in the property equals its fair market value. For the reasons stated herein, we find that the van is a tool of the trade and that the lien is avoidable in full.

The facts of this case are as follows:[1] The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code") on August 10, 1982. Since prior to the filing of the petition the debtor-husband has been engaged in the business of cleaning and buffing the floors of various establishments with the use of heavy, specialized equipment. The continued conduct of the debtor-husband's business is dependent on the van which has been modified through the installation of racks and supports for the carriage of the equipment which apparently has significantly reduced the van's utility for hauling other cargo. The van is worth $400.00 but is encumbered by a nonpossessory, nonpurchase money security interest held by Household Finance Corporation ("Household") to as-

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

sure payment of a debt far greater than $400.00.

The Code allows an individual debtor to choose from a list of bankruptcy exemptions provided in 11 U.S.C. § 522(d) unless applicable state law bars their use. § 522(b)(1). Under § 522(f) the debtor may avoid a nonpossessory, nonpurchase money security interest in certain goods, or may avoid a judicial lien in any goods, to the extent that either type of encumbrance impairs the debtor's exemptions. § 522(f). In the case at hand the debtor has exempted his van pursuant to § 522(d)(2) [2] and he is attempting to avoid Household's security interest in the vehicle by alleging that the van is a tool of the trade within the meaning of § 522(f)(2)(B).[3] The emerging rule which we adopt is that a motor vehicle is a tool of the trade only if it is "necessary to, and is used by the debtor to carry on his trade." *Credithrift of America, Inc. v. Meyers* (*In re Meyers*), 2 B.R. 603, 605 (Bkrtcy.E.D.Mich.1980); *Credithrift of America, Inc. v. Dubrock* (*In re Dubrock*), 5 B.R. 353, 354 (Bkrtcy.W.D.Ky. 1980); *Eagan v. Household Finance Corp.* (*In Re Eagan*), 16 B.R. 439, 441 (Bkrtcy.N. D.N.Y.1982); *Associates Commercial Corp. v. Dillon* (*In Re Dillon*), 18 B.R. 252, 255 (Bkrtcy.E.D.Cal.1982). In the case at bench we will avoid the encumbrance on the van since we have found that the debtor-husband requires the vehicle for the continuation of his business.

The only remaining question is the extent to which the security interest is avoided. Although the issue will not have significant impact on the case at bench, since it is unlikely that the van will appreciate in value, the question presented has significant ramifications. For instance, if the van appreciates in value to $500.00, the question arises as to whether the $100.00 value in excess of the current value of the vehicle will be subject to Household's security interest.

Section 522(c) [4] expresses the general rule that property exempted under § 522 is not liable on any debt that arose, or is deemed to have arisen, prior to the filing of the petition. Nonetheless, liens that attached to the debtor's property prior to the filing of the petition are valid against exempted property unless the debtor can meet the requirements of § 522(c)(1) or one of the three alternatives of § 522(c)(2). Under the facts of this case §§ 522(c)(1), (c)(2)(A) and (c)(2)(C) are clearly not pertinent although the relevance of § 522(c)(2)(B) is less apparent. By the language of § 522(c)(2)(B) we are directed to

---

**2.** In pertinent part § 522(d) states as follows:
    (d) The following property may be exempted under subsection (b)(1) of this section:
    * * * * * *
    (2) The debtor's interest, not to exceed $1,200.00 in value, in one motor vehicle.
    * * * * * *

**3.** Section 522(f) states as follows:
    (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
    (1) a judicial lien; or
    (2) a nonpossessory, nonpurchase-money security interest in any—
    (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
    (C) professionally prescribed health aids for the debtor or a dependent of the debtor.

**4.** Section 522(c) states as follows:
    (c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, except—
    (1) a debt of a kind specified in section 523(a)(1) or section 523(a)(5) of this title; or
    (2) a lien that is—
    (A) not avoided under section 544, 545, 547, 548, 549 or 724(a) of this title;
    (B) not voided under section 506(d) of this title; or
    (C)(i) a tax lien, notice of which is properly filed; and (ii) avoided under section 545(2) of this title.

§ 506 which provides that a creditor's claim is divided into secured and unsecured components. The secured portion is limited by the value of the creditor's interest in the estate's interest in such property and is also restricted by the value of any superior encumbrances on the property. The unsecured portion would consist of the remainder of the creditor's claim. Thus, under § 506(a) a secured claim cannot be valid for an amount in excess of the value of the property it encumbers. Section 506(d) states that to the extent a lien secures a claim against the debtor that is not an allowed secured claim, the lien is void unless "(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or (2) ...." We find that an action under § 522(f) is a de facto request for the determination of the disallowance of a claim.

In summary, the statutory provisions reviewed above indicate that since a request for lien avoidance under § 522(f) is a defacto request for relief under § 506(d), the holder of a lien cannot avail himself of the exception to the general rule of § 522(c) which is found in § 522(c)(2)(B). Consequently, when the debtor moves for the avoidance of an encumbrance under § 522(f) and when the debtor's exemption in the property in question is greater than the creditor's interest in the debtor's property, the lien will be avoided in full. *Dewyer v. Union Bank (In Re Dewyer)*, 11 B.R. 551, 551–52 (Bkrtcy.W.D.Pa.1981); *Tarrant v. Spenard Builders Supply, Inc. (In Re Tarrant)*, 19 B.R. 360, 366 (Bkrtcy. D.Alaska 1982); *contra, Fitzgerald v. Davis (In Re Fitzgerald)*, 29 B.R. 41, 43–44 (Bkrtcy.E.D.Va.1983).