**In re John R. GERHARDT, Marletta K. Gerhardt, Debtors.**

**Bankruptcy No. 2–86–00626.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Dec. 2, 1987.

Robert H. Farber, Jr., Columbus, Ohio, for debtors.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

Robert J. Sidman, Vorys, Sater, Seymour & Pease, Columbus, Ohio, for Columbus Mortg., Inc.

**OPINION AND ORDER ON OBJECTION TO THE CLAIM OF COLUMBUS MORTGAGE, INC.**

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court on the debtors' objection to the claim of Columbus Mortgage, Inc. filed in the amount of $47,-338.23, and listed as claim number 9. Co-

lumbus Mortgage timely filed its opposition to that objection, and the matter came on for hearing on July 13, 1987.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This case is a core proceeding arising under 28 U.S.C. § 157(b)(2)(A) and (B). The opinion to follow constitutes findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52, as made applicable to proceedings in bankruptcy by Bankr.R. 7052.

The debtors filed their Chapter 13 petition on February 20, 1986, and at that time included in their Chapter 13 statement the debt of Columbus Mortgage as secured by a second mortgage on the debtors' residence, a 1975 truck, a 1980 automobile, a 1976 tractor, and a 1972 trailer. Columbus Mortgage filed its proof of claim, with security documents attached, for $47,338.23 on March 19, 1986. On January 5, 1987, Columbus Mortgage filed an amended claim for $41,638.23; the reduced claim resulting from the sale of the two trucks.

At the time of filing, the debtors also listed as secured Security Savings Bank, who holds a first mortgage on the debtors' residence. Security Savings filed its proof of claim, with security documents attached, for $24,471.04 on May 22, 1987.

As part of the process leading up to the hearing on confirmation of the plan, the debtors procured an appraisal of their residence. That appraisal, on file with the Court, values the property at between $42,-000.00 and $43,000.00. Columbus Mortgage did not present evidence on the value of the debtors' residence.

The debtors in their objection and at the July 13, 1987 hearing, contended that Columbus Mortgage has a third mortgage on their residence. The debtors stated that the Small Business Administration ("SBA") holds a second mortgage on the real estate. SBA's mortgage was recorded on November 20, 1975 (Debtors' Exhibit 1). Columbus Mortgage's lien was recorded December 31, 1985, and Security Savings' mortgage was recorded April 2, 1975.

The debtors did not disclose the SBA mortgage on their schedules, or notify SBA, because they stated their personal liability on that loan was discharged in 1972. The debtors previously filed a Chapter 7 bankruptcy in 1972, and received a discharge. Thus, the debtors contend that although they are not personally liable for the SBA loan, the loan exists in the nature of a debt against the real estate. Columbus Mortgage stated that they performed a title search on the debtors' property prior to lending them money, but that the search did not reveal the existence of the SBA mortgage.

The debtors are presently making payments under their Chapter 13 plan in the amount of $700.00 per month for 12 months, and then $800.00 per month for the remainder of the confirmed 58–month term. A 50% dividend is to be paid to unsecured creditors.

At issue is whether Columbus Mortgage's claim is fully secured. A tangential issue is whether cost of sale should be included in determining the extent of Columbus Mortgage's security. The debtors argue that pursuant to 11 U.S.C. § 506(a), Columbus Mortgage's claim is secured only to the extent of the value of their residence. Title 11 of the United States Code, § 506(a) states:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

The debtors argue that given an appraised value of $42,000.00, that Columbus Mortgage's claim is unsecured in light of deductions for cost of sale and the liens of Security Savings and SBA. Mr. Gerhardt testified that the fair market value of the property is $40,000.00 and that the remaining balance on the Security Savings' loan is $22,825.46. He also testified that he obtained the SBA loan in 1975 for the amount of $21,500 at an interest rate of between 9% to 11%. He further stated that between the time he obtained the SBA loan and the filing of Chapter 7 in 1982, he made approximately 10 to 11 payments on the loan. The value of the SBA loan at the time the debtors filed Chapter 7 was listed at $24,000.00, which amount included accrued interest. Mr. Gerhardt testified that he has not made payments on the SBA loan since being discharged under Chapter 7.

██ The debtors argue that assuming that the face value of the SBA loan is $21,000.00, the extent of the liens on the property exceed the property's value, to the extent of approximately $6,000.00. Mathematically applying the liens and allowing the cost of sale deduction, the debtor's computation is as follows:

| | |
|---|---|
| $42,000.00 | Value of Property |
| (4,200.00) | Cost of Sale @ 10% |
| $37,800.00 | |
| (22,825.46) | Lien of Security Savings |
| $14,974.54 | |
| (21,000.00) | Lien of SBA @ Face Value |
| $(6,025.46) | Deficiency |

Assuming the high end of the appraised value of the debtors' residence, the computation is as follows:

| | |
|---|---|
| $43,000.00 | Value of Property |
| (4,300.00) | Cost of Sale @ 10% |
| $38,700.00 | |
| (22,825.46) | Lien of Security Savings |
| $15,874.54 | |
| (21,000.00) | Lien of SBA @ Face Value |
| $(5,125.46) | Deficiency |

The Court notes that even if the allowance for cost of sale were excluded, a deficiency would still exist, regardless of which appraised valuation were accepted. Moreover, the Court in *dicta* notes that in arriving at a determination of a junior lienholder's claim, no consideration should be given to payments made to senior lienholders during the pendency of the bankruptcy. "Otherwise, such payments would have the anomalous effect of increasing the junior lienholder's secured claim by the same amount the senior lienholder's secured claim is reduced." 3 COLLIER ON BANKRUPTCY ¶ 506.04[1], citing, *Pitre v. First National Savings and Loan Association of Chicago (In re Pitre)*, 11 B.R. 777, 781 (Bankr.N.D.Ill.1981). If the reasoning in *Pitre* is applied to the instant case, then the deficiency would be further increased as the Court would have to apply Security Savings' claim at the time of filing of $24,471.04, as opposed to the amount of $22,825.46, its claim as reduced by payments on the loan since confirmation of the Chapter 13 plan.

Accordingly, the Court finds, after considering the totality of the evidence presented at the hearing, that the claim of Columbus Mortgage arising from the lien on the debtors' residence is unsecured. Therefore, the debtors' objection to claim 9 of Columbus Mortgage is SUSTAINED.

██ Columbus Mortgage argues that if its claim is determined to be unsecured, then the present Chapter 13 plan would become unworkable as the amount of unsecured debt would increase significantly. The Court notes, however, that the record reflects that the debtors' plan was originally confirmed on the basis that Columbus Mortgage was secured to the extent of $27,728.96. Treatment of that portion of that claim that represents the lien on the debtors' residence as unsecured will reduce the amount of secured claims, and thus allowing an earlier payoff by the debtors of their secured debts. Feasibility of the debtors' plan is thus enhanced.

██ The final issue the Court is obligated to address is whether cost of sale is to be included in reaching a determination of the value of claims under 11 U.S.C. § 506. This Court is of the opinion that when the parties are not actually contemplating the sale of the property, then costs of sale is to

be excluded from the valuation analysis. Where an actual sale of the property is contemplated, however, this Court holds that anticipated costs of sale should be included.

Accordingly, it is the Order of this Court that the debtors' objection to Claim 9 of Columbus Mortgage be, and the same is hereby, SUSTAINED. It is the further Order of this Court that Columbus Mortgage's lien on the debtors' real estate be treated as a general, unsecured claim.

IT IS SO ORDERED.