**In re Kenneth Gene MARCUM, Myra Marcum, Debtors.**

**Bankruptcy No. 2-90-06420.**

United States Bankruptcy Court, S.D. Ohio, E.D.

May 8, 1992.

---

Samuel L. Calig, Columbus, Ohio, for debtors.

Frank M. Pees, Chapter 13 Trustee, Worthington, Ohio.

Robert E. Lee, Columbus, Ohio, for Household Finance.

### ORDER ON OBJECTION TO PROOF OF CLAIM

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court upon the Objection to Proof of Claim filed by Frank Pees, Chapter 13 Trustee, ("Trustee") and the Written Memorandum in Opposition to Trustee's Objection to Proof of Claim filed by Household Finance Corporation ("Household") as well as the other pleadings filed by the parties. A hearing to

---

consider this matter was held June 20, 1991, at which time the parties were afforded the opportunity to present evidence in support of their respective positions.

The Court is vested with jurisdiction under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## I. *Findings of Fact*

Kenneth and Myra Marcum ("Debtors") filed a petition under Chapter 13 of the Bankruptcy Code on September 26, 1990. Household is listed in the Debtor's schedules as a secured creditor, holding a second mortgage on Debtors' residence. The Debtors' plan, filed with their petition, proposes a payment of a 100% dividend to creditors.

On November 6, 1990, Household filed its proof of claim indicating a fully secured claim in the amount of $23,520.96. The Trustee objected to this claim on the basis that the value of the residence ($75,000.00) is insufficient to fully secure the claim of Household after payment of the claim of the first mortgage holder ($51,276.80) and the deducting of a ten percent (10%) cost of sale.

Household does not take issue with the value assessed to the residence or the claim of the first mortgage holder. Household does oppose the subtracting of the 10% cost of sale from the value of the residence. Household notes that if the 10% were not deducted from the value of the residence, it would hold a fully secured claim and would be entitled to payment of interest upon the entire claim pursuant to 11 U.S.C. § 1325(a)(5)(B). Currently, Household would not receive interest upon the unsecured portion of its claim resulting from the 10% deduction.

## II. *Conclusions of Law*

The controversy in this case stems from ambiguous language of 11 U.S.C. § 506(a) which provides:

> (a) An allowed claim of a creditor ... is a secured claim *to the extent of the value of such creditor's interest in the estate's interest in such property, ...* and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. *Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property,* and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest. (emphasis added).

Courts have grappled with the task of harmonizing the two provisions of § 506(a) emphasized above. The first provision suggests that the creditor's claim is secured to the extent of the creditor's interest in the property. This provision would appear to indicate that the subtracting of a hypothetical 10% cost of sale is appropriate, as the realization of the creditor's interest in the property through foreclosure or other disposition would necessarily entail a reduction of approximately 10% in the sale proceeds.[1] The second provision appears to require that the focus of the valuation determination is the proposed disposition or use of such property. Thus, it could be argued that a debtor who intends to retain property securing a debt to a creditor cannot deduct a hypothetical cost of sale when no such sale is contemplated.

This issue has been batted around this district for some time. Recently, Judge Sellers issued her opinion in *In re Weber*, 140 B.R. 707, entered April 8, 1992, in which she permits the subtraction of the 10% cost of sale regardless of the intended use or disposition of the property. In order to facilitate uniformity on this issue for the practicing bar in this district, this Court chooses to follow *In re Weber* rather than this Court's previous decision in *In re Gerhardt*, 88 B.R. 151 (Bankr.S.D.Ohio 1987). Therefore, it is hereby

---

1. The Court notes that the creditor's interest is likely to be eroded even further in foreclosure. The 10% cost of sale under consideration is deducted from the appraised value of the property. In foreclosure, the cost of sale can be deducted from as little as two-thirds the appraised value of the property.

ORDERED that the Objection to Proof of Claim filed by Frank Pees, Chapter 13 Trustee is GRANTED, and Claim # 8 of Household Finance, filed on November 6, 1990 in the amount of $23,520.96, shall be allowed as secured in the amount of $16,223.20 with the balance of the claim allowed as unsecured.

IT IS SO ORDERED.