**In the Matter of Richard L. KOCHELL, Debtor.**

**Bankruptcy No. MM7–82–00560.**

United States Bankruptcy Court, W. D. Wisconsin.

Sept. 21, 1982.

William J. Rameker, Murphy, Stolper, Brewster & Desmond, S. C., Madison, Wis., trustee.

David C. Moore, Brennan, Steil, Ryan, Basting & MacDougall, Janesville, Wis., for debtor.

**DECISION AND ORDER DENYING APPLICATION FOR AMENDMENT OF SCHEDULE B–4**

ROBERT D. MARTIN, Bankruptcy Judge.

On April 6, 1982 the debtor, a medical doctor then earning in excess of $20,000 per month net of withholding taxes,[1] filed his petition under chapter 7. Relief was ordered. On April 26, 1982 the debtor filed schedules including his original schedule B–4 claiming exemptions under 11 U.S.C. § 522(d). On May 5, 1982 the trustee, William J. Rameker, filed a report of exempt property setting apart as not exempt: pension rights in Janesville Medical Center Ltd.

1. This information was presented at a prior hearing in which the debtor sought to recover wages held by his employer.

and Janesville Women's Clinic, S. C.; household goods located at condominium in Lauderdale by the Sea, Florida; a Smith & Wesson .38 caliber revolver; items in storage at E. W. Rost and Son, Inc.; and value in excess of $200 in a four-poster pine king size bed.

On May 13, 1982 the debtor filed an objection to the trustee's report of exempt property. A pretrial conference on the debtor's objection was scheduled for June 23, 1982 and rescheduled to July 7, 1982. At the pretrial held on July 7 a pretrial order was entered setting trial for September 22, 1982. Thereafter, interrogatories were served by the trustee.

During the administration of this case prior to August 31, 1982 the trustee negotiated with principal creditors of the debtor, including the debtor's former wife and her parents, regarding the allocation of exempt property for property settlements in pending divorce court proceedings. Concessions and agreements were made on the basis of the debtor's original claim for exemptions.

On August 31, 1982 the debtor filed an application to amend his claim for exemptions to claim those exemptions allowed by chapter 18 of the Wisconsin Statutes. The trustee objected to the application and a hearing was held on September 8, 1982. The following analysis of the debtor's application to amend is based upon the testimony and representations at that hearing and upon all of the records in this case.

■ The standards for allowance of amendments to exemption schedules have been clearly articulated by this court in a series of cases including *Rameker v. Snow,* Adv.Pro. No. 80–0150 (Bankr.W.D.Wis. Dec. 31, 1981), *In Re Denker,* MM7–80–00121 (Bankr.W.D.Wis. Dec. 31, 1981), *In Re Bessel,* 18 B.R. 320, 8 B.C.D. 1155 (Bkrtcy.W.D. Wis.1982), and *In Re Blint,* 20 B.R. 982 (Bkrtcy.W.D.Wis.1982). Those cases articulate a four-part test which is stated as:

1. Will an adverse party's rights be prejudiced if an amendment is allowed? This question is important both because the equitable issue of fairness is involved and because evidence of cynical motives and not originally claiming the disputed property as exempt might be revealed.

2. Will not allowing the amendment cause undue hardship to the debtor who has acted in good faith? This must be considered because not allowing an exemption could thwart a deserved fresh start.

3. Is there a reasonable excuse for not claiming the exemption on the original schedule?

4. Is there a reasonable excuse for any delay in seeking the amendment?

*See In Re Bessel,* 18 B.R. at 322–23, 8 B.C.D. at 1156–57.

■ This application fails the test on all four points. First, the trustee has acted in reliance on the exemptions claimed under the original schedule B–4. Preparation for trial on the claim to those exemptions as well as negotiations and agreements in regard to property settlements in the action pending in divorce court have been premised upon the original claim under the federal exemption scheme. Both have been substantial activities not mere ministerial acts. In particular, with regard to the property settlements, substantial rights of both the general creditors of the debtor and other parties have been affected.

Second, the hardship on the debtor if the amendment is not allowed is not so great as to favor amendment at this time. Not allowing the amendment would potentially affect the ability of the debtor to retain his interest in pension or profit sharing funds which have been deposited with his employers to achieve a tax deferred status for part of his substantial income. If the objection to his original claim for exemptions is successful and his interest in the pension funds is lost, the debtor might suffer an immediate hardship by virtue of a tax assessment enforced against his after-bankruptcy assets. He would also have the long term risk of less retirement income. However, considering his substantial ability to earn money, I am satisfied that an adequate pension fund could be reestablished by this relatively young doctor within the time prior to his

anticipated retirement and that the payment of a tax assessment would be within his anticipated means. Neither of these burdens would thwart a fresh start for the debtor.

Third, no excuse for not originally claiming the exemptions under state law has been offered except that the debtor's counsel has revised his estimate of probabilities for succeeding on the original claim of exemptions. I am satisfied that careful consideration of the selection of exemptions was made at the time of filing the original schedules and that a recalculation of the probabilities for success is not a reasonable excuse for amending those schedules.

Finally, requesting the amendment 127 days after the original schedules were filed and 23 days prior to trial on the claim for the original exemptions is so late in the proceeding as to be subject to no reasonable excuse and none has been offered.

Upon the foregoing the debtor's application to amend schedule B-4 is hereby denied.