In the Matter of Ferris Allin WILSON, a/k/a Duke Wilson and June Marie Wilson, a/k/a June McCall, Debtors.

Ferris Allin WILSON, a/k/a Duke Wilson and June Marie Wilson, a/k/a June McCall, Plaintiffs,

v.

AVCO FINANCIAL SERVICES, Beneficial Finance Co., First Nebraska Credit Union and Alden's, Defendants.

Bankruptcy No. BK80–471.
Adv. No. 80–306.

United States Bankruptcy Court, D. Nebraska.

Dec. 14, 1982.

, Robert G. Hays, Lincoln, Neb., for plaintiffs.

James L. Haszard, Lincoln, Neb., for defendant/Avco.

### MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

This litigation addresses the issue of whether the security interest of Avco Financial Services in items owned by the plaintiffs is purchase money or nonpurchase money. The parties' joint stipulation of facts provides:

1. Between May 30, 1975 and January 17, 1978, the Plaintiffs, FERRIS ALLIN WILSON and JUNE MARIE WILSON, entered into twenty-three transactions with Gambles, a division of Gamble-Skogmo, Inc., for the purchase of household furnishings and household goods.

2. The household furnishings and household goods referred to in Paragraph 1 are held primarily for the personal, family or household use of the Plaintiffs.

3. All claims by Gamble-Skogmo, Inc., against the Plaintiffs with regard to the purchases referred to in Paragraph 1 above, have been assigned to the Defendant, AVCO Financial Services.

4. Attached hereto, and incorporated herein by this reference, marked Exhibits 1(b) through 24 (in reverse chronological order), are photostatic copies of the relevant documents in each of the transactions referred to in Paragraph 1; not included among these documents (because they are not in the possession of either party) are "Installment Account Disclosure Statements" for the transactions which took place on the following dates:

January 17, 1978
June 1, 1976
December 20, 1975
December 8, 1975
July 15, 1975

5. "Installment Account Disclosure Statements" of the same form as those which are attached hereto as Exhibits, were provided to the Plaintiffs by Gambles with respect to the transactions on January 17, 1978 and June 1, 1976.

6. With the exception of the transactions which took place on May 30, 1975 and December 15, 1975, each transaction is evidenced by two documents; the first is entitled "Installment Account Disclosure Statement" and is marked "(a)", the second (of which only the front page is attached) is entitled "Security Agreement—Retail Installment Sales Contract" and is marked "(b)".

7. The transactions which took place on May 30, 1975 and December 15, 1975 are evidenced by single documents.

The documents attached to the joint stipulation disclose that at the time of each new purchase, Gamble-Skogmo, Inc., wrote a new contract which incorporated a description of each of the prior purchases into the new contract. Plaintiffs point to this practice to suggest that the rewritten contract replaced the original purchase money interest and destroyed it.[1] However, each of the contracts entered into by plaintiffs with Gamble-Skogmo, Inc., provided:

> "Where items are purchased on different dates, the first purchase shall be deemed first paid for, and where items are purchased on the same date, the lowest priced will be deemed the first paid for."

The security agreement further provided:

> "This security interest will be retained by Seller in each item of merchandise until the payments made equal the

---

[1] Authority for an attempted combination into one contract of an existing purchase money obligation into a new purchase money debt is *In Re Booker*, 9 B.R. 710, 31 U.C.C. 285 (Bkrtcy.N.D.Ga.1981). Held: The purchase money character of the latter transaction was destroyed by its combination with a pre-existing purchase money security interest. Debtors were entitled to avoid the lien under 11 U.S.C. § 522(f).

amount of the items' sale price including any finance charges attributable thereto."[2]

The result of the foregoing is that the plaintiffs' payments would be applied to the item first purchased and the security interest in that item would be released when the payments equalled the sale price plus finance charges.[3] Thus, there was no retention of a security interest by Gamble-Skogmo, Inc., beyond the time necessary to pay for it.[4] It would appear that the original character of the credit extension, that is, of a purchase money security interest, was retained, and accordingly, I conclude that each of the items is secured by a purchase money security interest as that phrase is defined in Nebraska Uniform Commercial Code § 9–107. The result of the foregoing is that the plaintiffs may not avoid Avco's security interest since it remains a purchase money security interest and is not within the terms of 11 U.S.C. § 522.

A separate order is entered in accordance with the foregoing.

---

**2.** In Re Manuel, 507 F.2d 990 (5th Cir.1975), a case which held that no purchase money security interest existed in a similar revolving credit purchase situation, is distinguishable in that by the terms of that agreement purchaser never gained clear title to any item purchased until the entire debt had been paid, the creditor retaining a security interest in all the property purchased on that account to secure only the most recent purchases. In accord, see In Re Johnson, 1 B.C.D. 1023 (S.D.Ala.1975); In Re Scott, 29 U.C.C. 1038 (Bankr.Ct.N.D.Pa.1980).

**3.** For a case involving a security agreement having virtually identical terms, see In Re Sta-

ley, 22 U.C.C. 799, 426 F.Supp. 437 (N.D.Ga. 1977). Held: Where the security interest was granted, by the terms of the single security agreement, in each item of merchandise purchased until the item had been paid and further provided that payments were to be applied to items in the order of purchase, the purchase money character of the security interest was retained.

**4.** Collateral may not secure debt other than its own price if the security interest taken is to retain its purchase money character. In Re Manuel, 507 F.2d 990 (5th Cir.1975).