PER CURIAM:
Nick T. Davis and Amelia Davis, judgment lien creditors, appeal, and Lawrence B. Fitzgerald and Janet A. Fitzgerald, bankrupts, cross-appeal, assigning errors to the bankruptcy court’s application of 11 U.S.C. § 522(f). We vacate the orders and remand the cases for further proceedings.
The Fitzgeralds filed for bankruptcy under Chapter 7 after the Davises obtained a $13,360.00 judgment against them. They later initiated the present proceedings to avoid the Davises’ judgment lien under 11 U.S.C. § 522(f). This section states: “[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is — (1) a judicial lien ____”
The bankrupts claimed that the entire $13,360.00 judgment lien should be avoided because there is no equity remaining in the property after their $9,265 homestead exemption is subtracted.* The judgment creditors admitted the factual allegations of the complaint but denied that the bankrupts were entitled to the relief sought. The bankruptcy court, on application of the trustee and without objection by the judgment creditors, ordered the property abandoned as an asset of the estate.
Subsequently, upon consideration of the bankrupts’ petition and the creditors’ answer, the bankruptcy court, 29 B.R. 41, ordered the judgment lien avoided to the extent of $9,265.00 — the amount of the homestead exemption — and allowed the balance of the lien, $4,095.00, plus costs and interest to the date of the Chapter 7 filing, to remain. The order was subsequently amended, declaring the unavoided portion of the judgment lien to be subordinate to the homestead claim. Both parties appealed. The judgment creditors assert that the entire lien should have been subordinated to the exemption rather than partially void *308 ed. The bankrupts contend that the entire lien .should have been avoided under § 522(f).
While this appeal was pending, the bankrupts privately sold the property for a sum considerably in excess of the value mentioned in their complaint. The proceeds of sale were placed in escrow pending determination of this controversy. There is no suggestion that the property increased in value between the time the petition in bankruptcy was filed and the date of sale. On the contrary, it appears that the fair market value that the bankrupts assigned the property in their complaint was in error.
The fair market value of the property is an important factor in determining how to treat a judgment lien under § 522(f), because the extent to which the lien impairs a valid exemption depends on the amount of the debtor’s equity in his property. The debtor’s equity is the value of the property less any unavoidable mortgages on the property. Although the actual amount of unavoidable mortgages may easily be ascertained, the value of the property frequently must be based on an estimate. Section 522(a)(2) provides the only statutory guidance. It defines “value” in the context of exemptions as “fair market value as of the date of the filing of the petition.”
We recognize that generally a bankruptcy court is justified in accepting an estimate of fair market value, especially when the parties agree about it. The administration of the bankruptcy code frequently requires courts to rely on estimates or appraisals, and this opinion is not intended to unduly restrict their discretion in accepting this evidence to establish fair market value. Nevertheless, in the absence of proof, that the property has changed in value after the date of filing, a bankruptcy court should not disregard the price obtained from a sale of the property during the pendency of the bankruptcy proceedings. Under these circumstances, a sale price greatly in excess of an estimate is the more reliable evidence of the “value” defined in § 522(a)(2).
Because of the large discrepancy between the sale price and the estimate, we have no doubt that if the sale had occurred before the bankruptcy court acted, the court would have based its ruling on the actual, and not the hypothetical, equity of the bankrupts. Although the bankruptcy court did not have the benefit of the sale price when it rendered its judgment, we cannot base our decision on assumptions of value that are cast in doubt by events occurring pending appeal. Because the orders of the bankruptcy court lack a sound factual predicate, we express no opinion on the errors the parties have assigned. Cf. United States v. Fruehauf, 365 U.S. 146, 81 S.Ct. 547, 5 L.Ed.2d 746 (1961).
On remand, the bankruptcy court should reconsider its decision about the application of § 522(f). It should use the sale price of the property as the fair market value as of the time the petition was filed unless the bankrupts prove that the property increased in value during the time that elapsed between filing and sale.
VACATED AND REMANDED.

The figures in the bankrupts’ complaint tire
$67,000.00 fair market value alleged by debtor
-58,045.24 unavoidable mortgages
$8,954.76 debtor’s equity
-9,265.00 debtor’s homestead exemption
(310.24)