**In re Mary Beth MOODY, Debtor.**

**No. 88–21474–7.**

United States Bankruptcy Court, D. Kansas.

March 10, 1989.

Gary L. Sloan, Olathe, Kan., for debtor.

Eric C. Rajala, Overland Park, Kan., for creditor Bank.

Carl R. Clark, Overland Park, Kan., trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came for hearing on the debtor's motion to avoid the lien of the Third National Bank of Sedalia, Missouri. The debtor, Mary Beth Moody, appeared by and through counsel, Gary L. Sloan. The creditor, Third National Bank of Sedalia, Missouri, appeared by and through counsel, Eric C. Rajala.

### FINDINGS OF FACT

This Court finds that the parties have stipulated to the following facts:

1. On June 5, 1987, the debtor, Mary Beth Moody, f/k/a Mary B. Mark, purchased home furnishings from Homemakers Furniture, a retail furniture store in Sedalia, Missouri. The debtor financed this purchase under a retail installment contract with Household Finance Corporation whereby the sum of $1,200.00 plus $31.09 representing credit life insurance was financed over thirty-six (36) months. A true, correct and genuine copy of the retail installment contract is attached hereto, marked Exhibit "A", and is incorporated by reference as though fully set out herein.

2. On November 6, 1987, the debtor refinanced the Household Finance Corporation retail installment contract, by entering into a note and security agreement with Third National Bank of Sedalia, wherein the debtor borrowed $1,502.00 and put up for collateral the sofa sleeper, coffee and end tables, and Benchcraft recliner which were purchased from Homemakers Furniture on June 5, 1987. The proceeds of this note were primarily used to pay off the Household Finance Corporation retail installment contract, although additional funds over and above the amount due Household Finance Corporation were advanced. A true, correct and genuine copy of the note and security agreement of November 6, 1987 is attached hereto, marked Exhibit "B", and is incorporated by reference as though fully set out herein.

3. On June 2, 1988, the debtor refinanced the Third National Bank of Sedalia loan by entering into a second note and security agreement, wherein the debtor put up for collateral the same sofa sleeper, coffee and end tables, and benchcraft recliner which were the subject of the original retail installment contract with Household Finance Corporation and the first note with Third National Bank of Sedalia. Most of the proceeds of this renewal of the Third National Bank of Sedalia note were applied to the outstanding indebtedness on the note of November 6, 1987; however, the debtor received an additional sum in the amount of $350.00 upon the execution of the renewal note of June 2, 1988. A true, correct and genuine copy of the note and security agreement of June 2, 1988 is attached hereto, marked Exhibit "C", and is incorporated by reference as though fully set out herein.

4. On October 13, 1988, the debtor filed her petition for relief under Chapter 7, and filed her application to avoid the lien of the Third National Bank of Sedalia with respect to the household goods claimed by Third National Bank of Sedalia under its note and security agreement of June 2, 1988. The Bank filed a timely response to the debtor's application on November 21, 1988.

### CONCLUSIONS OF LAW

The debtor seeks to avoid the Bank's lien pursuant to section 522(f)(2)(A), which provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor

would have been entitled under subsection (b) of this section, if such lien is—

.    .    .    .    .

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

In the present case, there is no issue that the Bank holds a security interest in items that are household goods or furnishings; nor is there a question that the original lender, Household Finance Corporation, held a purchase money security interest in the household goods. Rather, the question in this case is whether the purchase money security interest was transformed into a non-purchase money security interest upon the refinancing of the original debt by a third party, Third National Bank of Sedalia.

In this circuit the mere refinancing of a debt does not automatically transform a purchase money security interest into a non-purchase money security interest. *See In re Billings*, 838 F.2d 405 (10th Cir.1988). *See also In re Gibson*, 16 B.R. 257 (Bankr. D.Kan.1981).

However, courts have consistently found that if the original debt is refinanced by a third party, then the lien loses its purchase money status and can be avoided under section 522(f). *See In re Janz*, 67 B.R. 553, 556 (Bankr.N.D.1986); *In re Richardson*, 47 B.R. 113, 117 (Bankr.W.D. Wis.1985); and *In re Conn*, 16 B.R. 454, 459 (Bankr.W.D.Ky.1982).

Accordingly, since the Bank in this case was not the original financier, the security interest lost its purchase money status and therefore can be avoided.

IT IS THEREFORE, BY THE COURT, ORDERED That the debtors's application to avoid the lien of the Third National Bank of Sedalia, Missouri on her household goods is SUSTAINED.

IT IS FURTHER, BY THE COURT, ORDERED That the creditor's objection is OVERRULED.