**In the Matter of Ronald KRUSE and Dee Ann Kruse, Debtors.**

**Bankruptcy No. BK89–41277.**

United States Bankruptcy Court, D. Nebraska.

June 25, 1990.

Clay B. Statmore, Lincoln, Neb., for debtors.

Robert D. Zimmerman, Lincoln, Neb., for Beneficial Nebraska, Inc.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

In this case the debtors seek to avoid a lien in household goods under 11 U.S.C. Section 522(f). Before the court is debtors' Motion to Avoid the Fixing of a Lien (Fil. # 5) and the Resistance thereto (Fil. # 12) by Beneficial Nebraska, Inc. I conclude that debtors' motion should be granted in part.

The facts are not controverted. The lien of Beneficial was originally a purchase money security interest and therefore not avoidable under Section 522(f). Debtors assert that the purchase money character of the original lien was lost because the lender made an advance of additional funds after the time of the original loan. The debtor argues that since the lien now secures the original purchase money debt and the non-purchase money future advance, the current lien does not qualify as a purchase money security interest under Section 522(f).

I conclude that the lien held by Beneficial is not avoidable under Section 522(f) for two reasons. First, Beneficial holds only a purchase money security interest in the collateral. The security agreement form utilized by Beneficial provides that it holds a purchase money security interest and that:

> we waive any other security interest or lien which may arise by operation of law, except a lien of any judgment which we may obtain if you do not pay the agreement in accordance with its terms.

Thus, to the extent that Beneficial holds a security interest other than a purchase money security interest, such interest has been waived. The remaining purchase money security interest cannot be avoided under Section 522(f).

Second, even assuming that Beneficial's waiver would be without force, and further assuming (which is certainly not clear) that the obligation of the debtors to Beneficial to repay the future advance is secured by the security agreement, it does not follow that the advance impaired the underlying purchase money security interest. Courts have strictly construed Section 522(f) and held that security agreements lose their purchase money character when the collateral secures debt other than the purchase money advance or when the purchase money loan is refinanced. *See, e.g., In re Matthews,* 724 F.2d 798 (9th Cir.1984); *In re Moody,* 97 B.R. 605 (Bkrtcy.D.Kan.1989); *In re Nowak,* 43 B.R. 545 (Bkrtcy.W.D. Wis.1984). *But see Matter of Wilson,* 25 B.R. 276 (Bkrtcy.D.Neb.1982). However, this is a harsh result which is not justified by the facts of this case.

In this case, it is clear that Beneficial made a purchase money loan to the debtors. No payments were made by the debtors on the loan and the loan was not refinanced. I conclude that the original purchase money security interest still exists. The purchase money loan is unpaid and the lien is valid. Beneficial thus holds a purchase money security interest and a non-purchase money security interest. If the debtor had made any payments to Beneficial after the advance of additional funds, it would be difficult to determine the unpaid balance of the purchase money loan. Several issues would have to be resolved in order to determine whether the debtors' payment was applicable to the original purchase money loan or the repayment of the future advance or, in part, to interest accrual on both. If this problem existed it may be appropriate to rule that the purchase money security interest no longer exists and that the entire security interest could be avoided under Section 522(f). However, in this case, payments were not made. I therefore conclude that the purchase money character of a consumer loan is not impaired by a future advance of non-purchase money, provided that no payments are made to the creditor after the future advance has been made. To the extent that Beneficial holds a non-purchase money security interest to secure its future advance the lien should be avoided under Section 522(f).

IT IS THEREFORE ORDERED that:

1. The Motion to Avoid the Fixing of a Lien (Fil. # 5) is granted in part.

2. The security interest of Beneficial in the collateral shall secure only the original purchase money debt. The lien of Beneficial in the collateral to secure the repayment of the future advance is hereby avoided under Section 522(f).