**In re William Waightstill AVERY, Jr., and Linda Greene Avery, Debtors.**

**William Waightstill AVERY, Jr., and Linda Greene Avery, Appellants,**

v.

**FRASER FIRS FOR CHRISTMAS, Limited Partnership, d/b/a Highland Fraser Firs; Buck Mountain, Limited Partnership; and Highland Fraser Firs Limited Partnership—I, Appellees.**

Civil No. 1:94CV80.

United States District Court,
W.D. North Carolina,
Asheville Division.

June 27, 1995.

---

David G. Gray, Westall, Gray & Connolly, Asheville, NC, for debtors.

William Waightstill Avery, Jr., Plumtree, NC, Pro Se.

Linda Greene Avery, Plumtree, NC, Pro Se.

Allen K. Robertson, Thomas B. Henson, Robinson, Bradshaw & Hinson, P.A., Charlotte, NC, for appellees.

## MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on appeal from the decision of U.S. Bankruptcy Court Judge George R. Hodges, denying the Debtors' motion pursuant 11 U.S.C. § 522(f) to avoid judicial liens. For the reasons stated below, this Court affirms the Bankruptcy Court.

## I. STANDARD OF REVIEW

The parties do not dispute the facts below. Therefore, this Court conducts a *de novo* review of conclusions of law. *In re Bryson Properties, XVIII,* 961 F.2d 496, 499 (4th Cir.), *cert. denied,* 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 134 (1992).

## II. FACTUAL BACKGROUND

Appellants filed a voluntary petition for bankruptcy pursuant to Chapter 7 in October 1993. They claimed a homestead exemption in their residence which is subject to a first mortgage in the amount of approximately $150,000. Appellants also listed the Appellees as unsecured judgment creditors who have a judgment against Appellants in excess of $1,500,000.

A hearing was conducted in connection with the Appellants' motion to avoid the Appellees' lien. At that time, Mr. Avery (Appellant) testified that his home had a fair market value of approximately $150,000. Based on this testimony, the Bankruptcy Court denied the motion to avoid the lien, noting that there must be equity in the residence in order for the Appellants to be entitled to relief pursuant to 11 U.S.C. § 522(f).

## III. DISCUSSION

The issue on appeal is narrow: must a debtor have equity in his homestead in order to avoid a judicial lien pursuant to 11 U.S.C. § 522(f). At the time Appellants filed their petition in bankruptcy, that section provided in pertinent part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is ... a judicial lien....

11 U.S.C. § 522(f) (1984). North Carolina has opted out of the bankruptcy code's exemptions, but provides by statute that a debtor may claim an exemption of up to $10,000 in residential property. N.C.Gen. Stat. § 1C–1601(a)(1). Thus, Appellants asserted their homestead exemptions and

sought to avoid the Appellees' lien. However, Mr. Avery's testimony in the Bankruptcy Court that the house was worth about $150,000 subject to a secured mortgage in the amount of $150,000 established there was no equity. The Bankruptcy Court ruled that Appellants had no exemption to be impaired because there was no equity.

Fourth Circuit law on this issue is clear: if there is no equity in the homestead, there is no exemption to be impaired.

> The fair market value of the property is an important factor in determining how to treat a judgment lien under § 522(f), because the extent to which the lien impairs a valid exemption depends on the amount of the debtor's equity in his property. The debtor's equity is the value of the property less any unavoidable mortgages on the property.

*Fitzgerald v. Davis,* 729 F.2d 306, 308 (4th Cir.1984). "It is clear that an equity must exist over unavoidable liens before the debtors can seek application of the avoiding provisions of § 522(f)." *In re Washington,* 41 B.R. 211, 217 (Bankr.E.D.Va.1984); *see also, In re Webb,* 48 B.R. 454, 458 (Bankr.E.D.Va. 1985).

Appellants argue that a more recent Fourth Circuit decision is controlling. The Court in *In re Opperman,* 943 F.2d 441 (4th Cir.1991), ruled that North Carolina's statutory provision limiting a homestead exemption to the duration of actual residency may not prevent application of § 522(f). Thus, a lien may be avoided if it impairs the debtor's exemption, "either an actual exemption under the state statute or the hypothetical federal exemption where the state has opted out of the federal scheme." *Id.,* at 443. The Court also found the debtor could avoid the lien to the full amount of the exemption, not just the amount of the lien. *Id.* Appellants cite this ruling for their argument that under *Opperman* a debtor should be allowed to claim an exemption in any property in which he could have asserted the same but for the lien itself.

However, *Opperman* did not contain a holding on the issue at hand; whether or not an exemption could be claimed when there is no equity in the property. Nor did it overrule *Fitzgerald* and other cases holding there must be equity in order for the exemption to be claimed. Appellants argue for extension of the law based on *Opperman;* but, such extension may not be made in direct contradiction of valid circuit precedent. For the same reason, this Court rejects Appellants' arguments based on precedent from other circuits.

Appellants also argue that *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), extends exemptions to scenarios where there is no equity. However, the Supreme Court there defined an exemption as property which is immunized against liability for pre-bankruptcy debts.

> No property can be exempted (and thereby immunized), however, unless it first falls *within* the bankruptcy estate.... Thus, if a debtor holds only bare legal title to his house—if, for example, the house is subject to a purchase-money mortgage for its full value—then only that legal interest passes to the estate; the equitable interest remains with the mortgage holder, 11 U.S.C. § 541(d). And since the equitable interest does not pass to the estate, neither can it pass to the debtor as an exempt interest in property.

*Id.,* at 308–09, 111 S.Ct., at 1835 (emphasis in original). Indeed, the Court noted some courts have held that liens could be avoided even when, after the avoidance, there would be no debtor's interest in the property to which an exemption could attach. *Id.,* at 311 n. 4, 111 S.Ct., at 1837 n. 4. The Court stated, however, "[t]oday's opinion does not speak to this issue." *Id.* Thus, this opinion does not support the Appellants' arguments.

■ In October 1994, an amendment to § 522(f) became effective which supports the Appellants' interpretation of the statutory scheme. Nonetheless, the amendment does not apply to cases filed prior to the effective date of the amendment. 11 U.S.C. § 522 (1994); *see also,* 3 Collier on Bankruptcy, § 522.29 at 522–100, 101 (15th ed. 1995).

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Appellants' appeal from the Order of U.S. Bankruptcy Court Judge George R.

Hodges dated April 20, 1994, is **DISMISSED** and the decision of the Bankruptcy Court is hereby **AFFIRMED.** The case is remanded to the Bankruptcy Court for such further proceedings as that Court deems necessary.