**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: WILLIAM WAIGHTSTILL AVERY,
JR.; LINDA GREENE AVERY,
Debtors.

WILLIAM WAIGHTSTILL AVERY, JR.;
LINDA GREENE AVERY,
Plaintiffs-Appellants,

v.

FRASER FIRS FOR CHRISTMAS LIMITED
PARTNERSHIP; BUCK MOUNTAIN
LIMITED PARTNERSHIP; HIGHLAND
FRASER FIRS LIMITED PARTNERSHIP I,
Defendants-Appellees,

and

FIRST COMMERCIAL BANK,
Defendant.

No. 95-2518

In Re: WILLIAM WAIGHTSTILL AVERY,
JR.; LINDA GREENE AVERY,
Debtors.

WILLIAM WAIGHTSTILL AVERY, JR.;
LINDA GREENE AVERY,
Plaintiffs-Appellees,

v.

No. 95-2639

FRASER FIRS FOR CHRISTMAS LIMITED
PARTNERSHIP; BUCK MOUNTAIN
LIMITED PARTNERSHIP; HIGHLAND
FRASER FIRS LIMITED PARTNERSHIP I,
Defendants-Appellants,

and

FIRST COMMERCIAL BANK,
Defendant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-94-80-1-T, BK-93-10418)

Argued: September 24, 1996

Decided: October 15, 1996

Before WILKINSON, Chief Judge, and WILKINS and
WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

2

**COUNSEL**

**ARGUED:** David G. Gray, Jr., WESTALL, GRAY & CONNOLLY, P.A., Asheville, North Carolina, for Appellants. David Marshall Schilli, ROBINSON, BRADSHAW & HINSON, P.A., Charlotte, North Carolina, for Appellees. **ON BRIEF:** Thomas B. Henson, ROBINSON, BRADSHAW & HINSON, P.A., Charlotte, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants William Waightstill Avery, Jr. and Linda Green Avery ("the Averys") are in Chapter 7 bankruptcy proceedings. They seek to be released from two prior judgment liens on their house, which is mortgaged to its full value. Because circuit precedent clearly requires that debtors possess equity in property in order to exempt it from liens, we affirm the judgment of the district court.

I.

The Averys filed a voluntary Chapter 7 bankruptcy petition in October 1993. In the petition, they claimed an exemption for their home in Plum Tree, North Carolina under both the Bankruptcy Code, 11 U.S.C. § 522(b), and North Carolina law, N.C.G.S. § 1C-1601(a)(1). Two months later, the Averys filed a motion to avoid two prior judgment liens on their Plum Tree residence, claiming the liens impaired their homestead exemption. Appellees Fraser Firs for Christmas Limited Partnership, Buck Mountain Limited Partnership, and Highland Fraser Firs Limited Partnership I ("the Partnerships"), who collectively held one of the liens, objected to the Averys' motion.

3

At an evidentiary hearing in March 1994, Mr. Avery testified that the Averys' Plum Tree residence was worth approximately $150,000, with a first mortgage of $150,000 still owing to NationsBank. The Averys conceded that since they had no equity in the property, they had no homestead interest to protect, and the bankruptcy judge would have to deny their motion. The judge did so in a written order entered on April 20, 1994.

In June, 1995, the District Court affirmed the Bankruptcy Court's order. The Averys now appeal that decision.

II.

The Bankruptcy Code, 11 U.S.C. § 522(b), entitles a debtor to exempt from seizure his home, car, and certain other personal effects specified in section 522(d). States may choose to substitute their own exemption list, which North Carolina has done. North Carolina allows, for example, a residence exemption of up to $10,000 in value. N.C. Gen. Stat. § 1C-1601(a)(1). "Value" is defined as "fair market value of an individual's interest in property, less valid liens superior to the judgment lien sought to be enforced." N.C. Gen. Stat. § 1C-1601(b).

A debtor who is entitled to an exemption may avoid judicial liens which impair that exemption. The Bankruptcy Code section 522(f)(1) read (prior to October 1994) in relevant part:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is --
>
> (1) a judicial lien . . . .

The Averys contend that section 522(f) was designed to protect a debtor's interest in specified property (including possessory and use interest) even if the debtor had no equity in the property. But debtors like the Averys who have no equity in their property have no "value"

4

to be exempted according to North Carolina Code, and therefore no exemption to be impaired by the liens they are seeking to avoid.

Our decision in Fitzgerald v. Davis, 729 F.2d 306 (4th Cir. 1984), controls this case. We there construed a similar Virginia homestead exemption as requiring debtor equity in order to avoid judgment liens.

> The fair market value of the property is an important factor in determining how to treat a judgment lien under§ 522(f), because the extent to which the lien impairs a valid exemption depends on the amount of the debtor's equity in[the] property. The debtor's equity is the value of the property less any unavoidable mortgages on the property.

Id. at 308. Applying Fitzgerald, a U.S. Bankruptcy Court for the Eastern District of Virginia explained that "an equity must exist over unavoidable liens before the debtors can seek application of the avoiding provisions of § 522(f)." In re Washington, 41 B.R. 211, 217 (1984). We hold to the reasoning of Fitzgerald and its progeny. Since the Averys have no equity in their Plum Tree residence, they cannot avoid under section 522(f) the liens that the Partnerships hold.

III.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

5